IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Teresa L. Traxler,                          )      C/A No.: 2:11-cv-02007-RBH
                                            )
                    Plaintiff,              )
                                            )
v.                                          )      **ORDER**
                                            )
Commissioner of Social Security,           )
                                            )
                    Defendant.             )
_____)

The plaintiff, Teresa L. Traxler, brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain

judicial review of the final decision of the Commissioner of Social Security denying her claim for

disability insurance benefits ("DIB") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one.  Section 405(g) of that Act provides: "[T]he findings of the

Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C.

§ 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less

than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g.*, *Daniel v.

Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v.

Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976).  This standard precludes a *de novo* review of the

factual circumstances that substitutes the court's findings for those of the Commissioner.  *See, e.g.*,

*Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he

court [must] uphold the [Commissioner's] decision even should the court disagree with such decision

as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

Cir. 1972).  As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this

1

it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB in July of 2004, alleging disability since July 30, 2002 after a work-related injury, due to right shoulder impingement, arthritis, and fibromyalgia. The plaintiff's date last insured was September 30, 2003. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on December 5, 2005. The ALJ thereafter denied plaintiff's claims in a decision issued July 3, 2006. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court. This Court issued an order on March 23, 2010, reversing under Sentence Four and remanding the case. "The action is remanded to the Commissioner to properly evaluate whether the opinion of Dr. Chambers is within the proper time frame, and if so, to evaluate the proper weight given to his opinion as a treating physician and to properly evaluate the plaintiff's credibility." (*Traxler v. Comm'r*, Civil Action No. 8:08-cv-03141-RBH, ECF No. 31, page 6-7)[1]

On remand, a video-hearing was held, and a different ALJ issued a decision on July 3, 2006, finding the claimant was not disabled. The Appeals Council denied the plaintiff's request for review and stated as follows:

---

[1] "A treating physician's diagnosis of claimant's condition may be made after the relevant determination date and is entitled to significant weight if it is based on objective medical criteria." *Millner v. Schweiker*, 725 F.2d 243, 246 (4th Cir. 1984).

In your letter dated February 10, 2011, you indicated that the Administrative Law Judge failed to evaluate whether the June 2, 2005 opinion of treating source, Thomas J. Chambers, M.D. related to the period at issue from July 2, 2002 through September 30, 2003. The Appeals Council reviewed the record and concludes that the Administrative Law Judge complied with the directives of the Court order and the Appeals Council remand order. The Administrative Law Judge indicated that the medical evidence dated after September 30, 2003, the date the claimant was last insured for disability purposes was only marginally relevant to the issue of disability because the records were increasingly chronologically distant from the period at issue (Decision, page 5). The Administrative Law Judge stated further that he gave less than controlling weight to the June 2, 2005 opinion of Dr. Chambers that the claimant was limited to a 4 hour work day because it was inconsistent with his other treatment records and functional assessments, particularly the one he made in February 2003 that the claimant could perform light work, and lift up to 15 pounds. (Appeals Council Decision, pages 7-8).

(R.p. 112).

Accordingly, the ALJ's decision became the Commissioner's final decision for purposes of judicial review.

The claimant was 46-years-old on the alleged onset date. She completed ninth grade and has a GED. Her past work experience includes employment as a hospital technician, optician assistant, computer instructor for children, and sales associate/cashier. Plaintiff asserts that the Commissioner failed to properly evaluate the opinions by Dr. Chambers as a treating physician and failed to specifically evaluate her credibility.

Under the Social Security Act, the plaintiff's eligibility for the benefits she is seeking hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by

demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P.  20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975).  Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b).  These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561.  If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors.  *Id*. at § 404.1561.  The interrelation between these vocational factors is governed by Appendix 2 of Subpart P.  Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined:  (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

(1)The claimant last met the insured status requirements of
the Social Security Act on September 30, 2003.

4

(2) The claimant did not engage in substantial gainful activity during the period from her alleged onset date of July 30, 2002 through her date last insured of September 30, 2003 (20 CFR 404.1571 *et seq*.).

(3) Through the date last insured, the claimant had the following severe combination of impairments: fibromyalgia, right (dominant) shoulder impingement and degenerative arthritis in the right knee (20 CFR 404.1520(c)).

(4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to: sit for 6 hours of an 8-hour day; stand/walk for 2 hours of an 8-hour day; frequently lift/carry light items; occasionally lift 10 pounds; never reach overhead with the right upper extremity; and never push/pull more than 15 pounds with the right upper extremity. She would require a sit/stand option at least every 30 minutes.

(6) Through the date last insured, the claimant was capable of performing past relevant work as a medical secretary and cardiac monitor. This work did not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

(7) The claimant was not under a "disability," as defined in the Social Security Act, at any time through September 30, 2003, the date last insured (20 CFR 404.1520(f)).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge.  On October 30, 2012, Magistrate Judge Bruce H. Hendricks filed a report and recommendation ("R&R") suggesting a finding that the ALJ's findings are not based on substantial evidence and that substantial evidence demonstrates that the plaintiff is disabled.  She recommends that the decision be reversed under Sentence Four and remanded for an award of benefits.  She finds that the onset date should be determined to be February 25, 2003. The defendant filed objections to the R&R on November 15, 2012. The plaintiff filed objections on November 5, 2012 requesting a

clarifying change in the wording of the Order if the Court adopts the R&R.  The plaintiff also filed a

Response to the Defendant's objections on November 21, 2012.

**Scope of Review**

The Magistrate Judge makes only a recommendation to the court.  The recommendation has

no presumptive weight.  The responsibility to make a final determination remains with the court.

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate

Judge's report to which objections have been filed. *Id.*  However, the court need not conduct a *de*

*novo* review when a party makes only "general and conclusory objections that do not direct the

court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v.*

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the

Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life &*

*Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Treating Physician**

The legal standard which applies is contained in 20 C.F.R. § 404.1527.  Under section 404.1527,

the opinion of a treating physician is entitled to more weight than the opinion of a non-treating

physician.  It is only given controlling weight, however, if it is "well-supported by medically acceptable

clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence

in [the] record."  20 C.F.R. § 404.1527(d)(2). Under section 404.1527, if an ALJ determines that a

treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5).

The Court agrees with the Magistrate Judge and the plaintiff that the reasons given by the ALJ for according less than controlling weight to the opinion of Dr. Chambers are not supported by substantial evidence.

The first reason given by the ALJ was that Dr. Chambers misstated the findings in the functional capacity evaluation (FCE). The ALJ states that "Dr. Chambers represents that the FCE restricted the claimant to performing sedentary work only 3.5 hours per day. However, review of the FCE reveals that the study concluded that the claimant could perform light work for 3.5 hours a day working up to 8 hours a day, or in the alternative, full-time sedentary work." (R.425-426). The FCE (dated May 18, 2005) states: "Given the client's decreased endurance, it may be reasonable to allow the client to work at the Light level of work for a 03:50 (HH:MM) day, ramping up to an 8-hour day as tolerated. Alternately, if allowed to work at the Sedentary level, it may be likely that she will be able to tolerate the 8-hour day." In the June 2, 2005 report, Dr. Chambers does refer to the FCE as stating that Plaintiff could work at a sedentary level for 3 ½ hours per day. In other words, he wrote "sedentary" when the FCE stated "light". However, he also states that he disagrees with the portion of the FCE that hopes the plaintiff could gradually increase to an 8 hour day. He states that he would limit her to a 4 hour day at light duty with the ability to change positions every 15 minutes, no lifting more than 15 pounds, and

7

no pushing or pulling more than 15 pounds. (R.p. 239). The bottom line is he limited her to four (4) hours a day of light work (similar to the FCE). However, he disagrees with the FCE as to her ability to work eight (8) hours a day, regardless of whether the work was sedentary or light. Thus, the ALJ's determination that Dr. Chambers' opinion should be discredited because of the apparent clerical error is not reasonable because the opinion is not based on the error.

The other reasons given by the ALJ for discrediting the June 2005 opinion of Dr. Chambers are that it is not consistent with the opinion of Dr. McCaffrey restricting the claimant to light duty with no use of her right shoulder in October of 2002 or with Dr. Chambers' own report in early February 2003 restricting the claimant to light duty. At the outset, the parties agree that the ALJ meant to refer to Dr. Mikol and not Dr. McCaffrey. Dr. Mikol saw the claimant on October 1, 2002 for right shoulder pain, before she first saw Dr. Chambers in February of 2003. He recommended physical therapy and an injection and light duty with no use of her right shoulder for three weeks. On October 17, 2002, he ordered that she stop physical therapy and gave her a TENS unit and a prescription for Vicodin for pain. He recommended pain management and that she work 8 hours "with limited use of right upper extremity." (R.262). These opinions were provided a few months after the alleged onset date and before she consulted Dr. Chambers for a second opinion. Dr. Chambers himself indicated on February 4, 2003 that the claimant could perform light duties with no overhead lifting of more than 10 pounds, with a break every 2-3 hours. (R.258). This opinion was similar to Dr. Mikol's opinion. However, on February, 25, 2003, with the claimant's condition not improving, Dr. Chambers office stated," [w]e will take her out of work at this time." (R.253). Therefore, Dr. Chambers' June 2005 opinion is not inconsistent with the opinion of Dr. Mikol or with Dr. Chambers' February opinions and those opinions do not provide a reason to discredit his June 2005 opinion.

The case is remanded for a re-evaluation of whether the opinion of Dr. Chambers is entitled to controlling weight. If the Commissioner does not give the opinion by Dr. Chambers controlling weight, then he must consider each of the factors in 20 C.F.R. § 404.1527(d) and determine what weight the opinion should be given.

The Commissioner's position as stated in his objections is that, if this Court finds the ALJ erred in evaluating Dr. Chambers' opinion, then "the appropriate remedy would be remand for further proceedings rather than remand for payment of benefits." (ECF No. 23, p. 4)  The Commissioner states:  "The Magistrate Judge's recommendation to pay benefits essentially puts the Court in the position of making a finding of fact in the Commissioner's stead, something the Court should not do." Again, he argues, "making findings of fact is the province of the Commissioner."  *Id*.  Finally, "the Court should reject the (Magistrate Judge's) recommendation to decide the weight to accord Dr. Chambers' opinion."  *Id*. While the Court does not prefer to remand the case for a second time, the Court needs the Commissioner to properly evaluate the weight of Dr. Chambers' opinions in order to meaningfully review the case.  The Court does note, however, that the ALJ by implication found that the June 2005 opinion of Dr. Chambers related to the appropriate time period. (The ALJ did refer generally to "medical records following the date last insured of December 31, 2003[sic][2]" which were found to be "marginally relevant" because they were "chronologically distant from the claimant's date last insured".  [R.p. 423].  However, this statement does not specifically refer to the opinion of Dr. Chambers. The ALJ discusses the Chambers opinion in detail later in the decision and by implication does not find any problem with the time period.)

The case is accordingly remanded again for a determination of the weight to be given to Dr.

---

[2] The plaintiff's date last insured was September 30, 2003.

Chambers' opinion pursuant to 20 C.F.R. 416.927 and the effect of this weight, if any, on the RFC finding.

**Credibility**

This Court's order required a general re-evaluation of the plaintiff's credibility.  The ALJ properly evaluated her credibility, and those findings are supported by substantial evidence.

**Onset Date**

The plaintiff originally contended that her disability began on July 30, 2002.  The Magistrate Judge found, based in part on the credibility determination made by the ALJ, that the onset date should be amended to February 25, 2003.[3]  Neither party objects to an alleged onset date of February 25, 2003.  Therefore, the alleged onset date is amended to February 25, 2003.

<b><u>Conclusion</u></b>

For the foregoing reasons, the Court respectfully rejects the Report and Recommendation of the magistrate judge. The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action. The remand is for the sole purpose of allowing the Commissioner to clarify its analysis of the opinion of Dr. Chambers.  First, the Commissioner shall re-evaluate whether the opinion is entitled to controlling weight under 20 C.F.R. § 404.1527.  Second, if the opinion is not given controlling weight, then the Commissioner shall consider each of the factors in 20 C.F.R. § 404.1527(d) and determine what weight

---

[3] The Magistrate Judge recommends that the case be reversed and remanded for an award of benefits "based on the disability found to have commenced on February 25, 2003 and continuing through September 30, 2003."  Plaintiff has objected to this wording and requests that, if this court adopts the R&R, the wording should be clarified that disability began on February 25, 2003 and continues through the present. The defendant agrees that this was the intent of the Magistrate Judge but asserts that the decision of the ALJ should be affirmed or, in the alternative, that the remedy suggested by the Magistrate Judge should not be adopted.

his opinion should be given.  Once this is done, then the Commissioner shall conduct a proper residual

functional capacity assessment and thereafter continue the sequential evaluation process.

       **IT IS SO ORDERED**.

s/R. Bryan Harwell         
R. Bryan Harwell
United States District Judge

March 25, 2013
Florence, South Carolina